IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 13 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROSEMARY GUERRA INDIVIDUALLY AND AS NEXT FRIEND OF EDIBERTO GUERRA *and all those similarly situated* | § § § § § | CIVIL ACTION |
| VS. | § § | NO. B-02-207 |
| SOUTH TEXAS HIGH SCHOOL-SAN BENITO, SOUTH TEXAS INDEPENDENT SCHOOL DISTRICT AND MARLA M. GUERRA | § § § § § | |

## PLAINTIFFS' MOTION TO REMAND AND RESPONSE TO MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROSEMARY GUERRA INDIVIDUALLY AND AS NEXT FRIEND OF EDIBERTO GUERRA *and all those similarly situated*, plaintiffs by and through their attorney of record, Ray R. Marchan of WATTS LAW FIRM, L.L.P., and file this their motion to remand and response to motion to dismiss pursuant to 28 U.S.C., Section 1444(c) and plaintiffs would respectfully show this court as follows:

I.

Plaintiffs filed their original petition in state district court complaining that the defendants South Texas I.S.D. and its superintendent Marla M. Guerra were violating certain rights of the plaintiffs. As represented to this court, the complaint stems from the defendants implementation of Texas Education Agency Policy and Procedures. Plaintiffs did not invoke nor plead any violation of Federal Law or of Texas Statutory Law but rather the implementation of Texas Education Agency policy and procedure by the defendant. The Texas Education Agency is not a party to this action because no complaint is now being made or has been made from the inception of this litigation.

Without claiming that plaintiffs have pled any matter regarding an issue of federal law, defendants have attempted to invoke U.S. Federal Legislation known as the "Individuals with Disabilities Education Act", 20 U.S.C., Section 1400 et. seq. and the promulgated Code of Federal Regulations applicable to such Act.  "Federal question jurisdiction arises when a plaintiffs' set forth allegations 'founded on a claim or right arising under the Constitution, treaties or laws of the United States.'  See 28 U.S.C. Section 1441(b), Section 1331...Questions concerning federal question jurisdiction are resolved by application of the 'well-pleaded complaint' rule.  <u>Louisville & Nashville R.R. v. Mottley</u>, 211 U.S. 149, 152-53, 29 S.Ct. 42, 53 L.Ed. 126 (1908).  The rule provides *244 that the plaintiffs' properly pleaded complaint governs the issue jurisdictional inquiry.  If, on its face, the plaintiff's a complaint raises no issue of federal law, federal question jurisdiction is lacking.  See <u>Franchise Tax. B. v. Laborers Vacation Trust</u>, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)."  <u>Hart v. Bayer</u>, 199 F.3d 239, (Fifth Cir. 2000).  Since on its face, plaintiffs' complaint does not set forth any federal law claims, it is incumbent upon the defendants to demonstrate a substantial federal claim, that is, one completely preempted by the "Individuals with Disability Education Act (IDEA)." However, defendants will be unable to demonstrate such effect by the IDEA and thus the Court according to law must remand. <u>Copling v. The Container Store,</u> 174 F3d 590 (5th Cir. 1999).

Even though plaintiff have not pled or invoke any violation of any federal law, plaintiffs would refer this court to the actual language of the IDEA, 20 U.S.C., Section 1400.  That statute itself provides no reference to complete preemption of state law or of even its administrative procedures.  In fact the Act refers to a cooperative effort between the federal government recognizing the state's retained authority for the health, education and welfare of its citizens.  The following Act, Section 1400(c) 6, "While

States, local educational agencies, and educational service agencies are responsible for providing education for all children with disabilities, it is the national interest that the Federal Government <u>have a role in assisting</u> State and local efforts to educate children with disabilities in order to improve results for such children to ensure equal protection of the law." *emphasis ours* Additionally the statute provides at "20 U.S.C. section 1400 (d) Purposes of this chapter are...(C) to assist States, localities, educational service agencies, and Federal agencies to provide for the education of all children with disabilities; (2) to assist States in the implementation of a statewide, comprehensive, coordinated, multidisciplinary, interagency system of early intervention services for infants and toddlers with disabilities and their families;"

So, even though the defendants claim that the basis for removal was federal question jurisdiction, the defendants themselves recognize Texas legislation and Texas administrative rules cover the subject of the present action. The Defendants themselves recognize in their pleading that "STISD is required by both federal and state regulations and statutes to make every effort to ensure that a child with disabilities is not segregated and is educated with children who are non-disabled." "Each member of the ARD Committee, including the child's parent(s), has the right to agree or disagree with the decisions of the committee and the IEP developed by the IEP team. 19 T.A.C. 89.1050(h)."

Thus the defendants recognize that there is not complete preemption of the State's rights to promulgate laws regulations and rules for the education in the State of Texas for children with disabilities. "To give rise to federal question jurisdiction, a court must find complete preemption. See <u>Franchise Tax. Bd.</u>, 463 U.S. at 23-24, 103 S.Ct. 2841. 'In complete preemption a federal court finds that Congress desired to control the adjudication of the federal cause of action to such an extent that it did not just provide a

federal defense to the application of state law; rather, it replaced the state with federal law...14B Charles Alan Writ et al., Federal Practice and Procedure Section 3722.1 (3d ed 1998). In sum, to establish federal question jurisdiction through the invocation of a federal preemption defense, the defendant must demonstrate that Congress intended not just to 'preempt a state law to some degree,' but to altogether substitute 'a federal cause of action for a state cause of action." Hart v. Bayer, 199 F.3d 239 (5th Cir. 2000).

In essence, defendant would have to prove that all of plaintiffs' claims asserted against the defendants are, in reality, federal claims. Thus, it is known that IDEA does not completely preempt all state or local departments of education of children with disabilities. Even moreso, the mere fact that a given federal law might "apply" or even provide a federal defense to a state-law cause of action, is insufficient alone to establish federal question jurisdiction. To give rise to federal question jurisdiction, a court must find complete preemption. See Franchise Tax. Bd., 463 U.S. at 23-24, 103 S.Ct. 2841." In complete preemption a federal court finds that Congress desired to control the adjudication of the federal cause of action to such an extent that it did not just provide a federal defense to the application of state law; rather, it replaced the state law with federal law." Hart v. Bayer, 199 F.3d 239 (5th Cir. 2000). When the doctrine of complete preemption does not apply, the district court is without removal jurisdiction and lacks the power to do anything other than remand to state court. Copling v. The Container Store, 174 F3d 590 (5th Cir. 1999) citing Franchise Tax. Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23-27, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

WHEREFORE, PREMISES CONSIDERED, the plaintiffs pray that this court remand this action back to the 138th Judicial District Court of Cameron County, Texas where the subject matter jurisdiction most properly lies so that State court can determine whether this matter should be properly dismissed or abated or take any

other action the state court deems proper as regards plaintiffs complaints against these Texas defendants in violating rules, procedures and policies promulgated by the Texas Education Agency and for such other and further relief, at law or in equity to which they may show themselves to be justly entitled to receive.

Respectfully submitted this the __12__ day of November, 2002.

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956)544-0500
(956) 541-0255 FAX

_____
Ray R. Marchan
Attorney for Plaintiffs
State Bar No. 12969050
Federal I.D. No. 9522

## CERTIFICATE OF SERVICE

On this the __12__ day of November, 2002, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery or by certified mail, return receipt requested.

_____
Ray R. Marchan

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROSEMARY GUERRA INDIVIDUALLY AND AS NEXT FRIEND OF EDIBERTO GUERRA *and all those similarly situated* | § § § § § | CIVIL ACTION |
| VS. | § § | NO. B-02-207 |
| SOUTH TEXAS HIGH SCHOOL-SAN BENITO, SOUTH TEXAS INDEPENDENT SCHOOL DISTRICT AND MARLA M. GUERRA | § § § § § | |

## CERTIFICATE OF CONFERENCE

On this the __12__ day of November, 2002, a telephone call was placed to opposing counsel to inform him of the filing of the foregoing Plaintiffs' Motion to Remand and Response to Motion to Dismiss. Defendant's counsel indicated that he was opposed to said motion.

Respectfully submitted this the __12__ day of November, 2002.

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956)544-0500
(956) 541-0255 FAX

_____
Ray R. Marchan
Attorney for Plaintiffs
State Bar No. 12969050
Federal I.D. No. 9522