IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROSEMARY GUERRA INDIVIDUALLY § | |
| AND AS NEXT FRIEND OF § | |
| EDIBERTO GUERRA § | |
| and all those similarly situated § | |
| § | |
| VS. § | C. A. NO. B-02-207 |
| § | |
| SOUTH TEXAS HIGH SCHOOL- § | |
| SAN BENITO, SOUTH TEXAS § | |
| INDEPENDENT SCHOOL DISTRICT § | |
| AND MARLA M. GUERRA § | |

## RESPONSE TO PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants **SOUTH TEXAS INDEPENDENT SCHOOL DISTRICT ("STISD")** and **Its Superintendent, MARLA M. GUERRA** file this response to the motion of Plaintiffs to remand this matter to state court.

1.  Plaintiffs argue that this matter should be remanded because no "violation of Federal Law or of Texas Statutory Law" was alleged by them and that their complaint "stems from the defendants' implementation of Texas Education Agency Policy and Procedure". Given this argument, an analysis of Plaintiffs' pleadings, *vis-a-vis* appropriate opinions of federal courts, is necessary.

2.  We start with the basic question of where to begin. However, this question is not akin to the chicken or the egg question but rather has been determined for us by the Fifth Circuit in *Soley v. First National Bank of Commerce*, 923 F.2d 406

(5th Cir. 1991). The Court therein held that the determination of a federal court's removal jurisdiction is based upon the "intent of Congress". *Id.* at 409 citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987).

Furthermore, it is the rule within the Fifth Circuit that, upon removal, a court should review the petition carefully to determine whether a federal claim is presented. *In Re Carter*, 168 F.2d 1093, 1101 (5th Cir. 1980). *See also Coleman v. Louisville Pants Corp.*, 691 F.2d 762, 764 (5th Cir. 1982). In particular, the *Carter* court held "[I]t is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *In Re Carter*, 618 F.2d at 1101; citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38, 59 S.Ct. 347, 348-49, 83 L.Ed., 334 (1939). It is important to notice that "the Plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the ground for federal jurisdiction." *In Re Carter*, 618 F.2d at 110.

Since Plaintiff alleged violations of due process in paragraphs IV and V of his original petition, he has clearly presented a federal question. As such, this case was properly removed.

3.   Now, given the basis to begin, we must now determine how to find the intent of Congress to apply to the factual question. The United States Supreme Court has held in *Smith v. Robinson*, 468 U.S. 992, 1013, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984) that where 20 U.S.C. § 1400 *et seq.* (Education of the Handicapped Act now

called Individuals with Disabilities Education Act) is available to a handicapped child asserting a right to a free appropriate public education, whether based on either the EHA (now IDEA) or the Equal Protection Clause of the Fourteenth Amendment, the EHA (now IDEA) is the "exclusive avenue through which the child and his parents or guardian can pursue their claim". *Id.* at 1013. The Court further noted that the "crucial consideration is what Congress intended" and that "[a]llowing a plaintiff to circumvent the EHA administrative remedies would be inconsistent with Congress' carefully tailored scheme". *Id.* at 1012.

4.   An examination of IDEA (formerly EHA) at 20 U.S.C. 1415 (i)(2)(A) shows that a civil action may be brought in either a state court of appropriate jurisdiction or in a federal district court by a party aggrieved by findings and decision made under subsections (f) or (k) of that specific section if that aggrieved person does not have the right of appeal under subsection (g) of that specific section. Subsection (f) of section 1415 provides for impartial due process hearings conducted by either the state educational agency or the local educational agency. Subsection (k) governs the placement of children in an alternative educational setting under certain circumstances.

In contrast, section 1415 (i)(3)(A) mandates the exclusive jurisdiction of the district courts of the United States in regard to suits brought under section 1415 which, because of the provisions subsection (f), are matters which have not been through the impartial due process hearings provided in that subsection.

5.   We now examine the Plaintiffs' pleadings to determine if the allegations in such pleadings come within the scope of IDEA or either the Equal Protection Clause

or the Due Process Clause of the Fourteenth Amendment. Plaintiffs' allegations of jurisdiction begin at paragraph IV of the Original Petition by the complaint that Defendants' actions violate the Plaintiffs' rights to due process, education and unspecified parental rights "under the law". Due process is a guarantee founded under the Fourteenth Amendment, and the handicapped child's rights are exclusively the domain of IDEA. *Smith v. Robinson.* The parental rights of a handicapped child (if those are the rights which Plaintiffs complain of being violated) are also exclusively governed by IDEA. *Id.*

Plaintiffs' alleged facts beginning at paragraph V of their Original Petition are prefaced with the assertion that the Plaintiffs are "entitled to rights and protections under the Disability, Education and Due Process Laws enacted for their benefit". According to the United States Supreme Court, the exclusive law governing disability and education is IDEA. *Smith v. Robinson.* The exclusive law governing due process is, of course, the United States Constitution and vests jurisdiction with the federal courts. *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

Plaintiffs' next assert, at page 4 of the Original Petition, that the Defendants are required to establish "a neutral committee composed of persons to develop an individualized education program for each disabled and handicapped child". These requirements are found at 20 U.S.C. § 1401(11), 1412(a)(4), 1413(a)(1), 1414(c)(1) and 1414(d)(1)(B). Plaintiffs complain that Defendants have not complied with the requirements of "the law applicable to individuals with disabilities relating to special

education". The exclusive law so applicable is IDEA. Thereafter, Plaintiffs complain that the Defendants have no meaningful complaint management process for resolution of the Plaintiffs' grievances. Of course, that complaint system is set out fully and completely in IDEA at 20 U.S.C. § 1415 and has been followed for the Texas Education Agency for all Texas school districts. *See* 19 T.A.C. § 89.1150 *et seq.*

6. At page 5 of the Plaintiffs' Original Petition, Plaintiffs assert the handicapped child's right to a free appropriate public education [found at 20 U.S.C. § 1412 (a)(1)(A)] with instruction supplemented by the provision of special related services when appropriate [found at 20 U.S.C. § 1412 (a)(12)(B)(i)].

7. The Plaintiffs have asserted rights due to each Plaintiff as provided in the Individuals with Disabilities Education Act (IDEA) yet have not pursued the administrative procedures provided. As such, IDEA mandates exclusive jurisdiction with the United States district courts. 20 U.S.C. 1415 (i)(3)(A).

8. Plaintiffs' pleadings assert rights and obligations found only within federal statutory provisions or within the safeguards enumerated by the Fourteenth Amendment. Plaintiffs have failed to follow the due process provisions of IDEA and, therefore, have not secured their rights to choose as venue the state courts.

## Conclusion

Defendants request the Court deny Plaintiff's motion to remand.

DATED: <u>November 18, 2002</u>.

                                  Respectfully submitted,

                                  **FLEMING & HERNANDEZ, P.C.**
                                  1650 Paredes Line Road, Suite 102
                                  Brownsville, Texas 78521-1602
                                  Telephone:  (956) 982-4404
                                  Telecopier:  (956) 982-0943

by: _/s/ Tom Fleming_
                                  **Tom Fleming**
                                  State Bar of Texas No. 07133000
                                  Federal I. D. No. 1188

                                  **Jeffrey G. Mathews**
                                  State Bar of Texas No. 24013115
                                  Federal I. D. No. 24499

                                  **COUNSEL FOR DEFENDANTS:**
                                  **SOUTH TEXAS HIGH SCHOOL - SAN BENITO;**
                                  **SOUTH TEXAS INDEPENDENT SCHOOL DISTRICT;**
                                  and **MARLA M. GUERRA.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **RESPONSE TO PLAINTIFFS' MOTION TO REMAND** was served <u>November 18, 2002</u> in the manner(s) indicated below upon the following Counsel-of-record:

>**COUNSEL FOR PLAINTIFFS,
>ROSEMARY GUERRA INDIVIDUALLY
>AND AS NEXT FRIEND OF EDIBERTO GUERRA**
>and all those similarly situated:
>Ray R. Marchan
>WATTS LAW FIRM, L.L.P.
>1926 East Elizabeth Street
>Brownsville, Texas  78520
><u>(United States Certified Mail, R.R.R., #7000 0520 0022 1411 7794)</u>

_____
Tom Fleming